IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALAN LUCAS,<br>TDCJ-CID NO. 644056,<br><br>Petitioner,<br>v.<br><br>RICK THALER,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-10-0378 |

## MEMORANDUM OPINION AND ORDER

Alan Lucas, a TDCJ-CID inmate, filed a petition for a writ of habeas corpus challenging a 1993 state court conviction under 28 U.S.C. § 2254. The petition will be **DISMISSED** because it is successive, untimely, and legally baseless.

The terms of the petition are terse and flippant. In response to the habeas form inquiry regarding the sentence length, Lucas answers, "Too long because I broke no laws." (Docket Entry No. 1 at 2) His only ground for relief is, "When you gave up control over your government [sic] you gave up your right to confine me under the 13th amendment. I demand my immediate release." Id. at 7.

Lucas has previously filed a similar frivolous habeas petition challenging the same conviction. Lucas v. Quarterman, No. H-09-215 (S.D. Tex. 2009), Memorandum and Recommendation (Docket Entry No. 6). In that proceeding Lucas contended that the State of Texas

had no authority to hold him because the United States government had changed to a communist system.   No. H-09-0215, Docket Entry No. 6 at 1, Memorandum and Recommendation.   In his Memorandum recommending dismissal of the habeas action, the magistrate judge found that Lucas had raised the same claim in four other habeas petitions and that Lucas had filed eight other petitions attacking the same conviction, resulting in twelve habeas actions, all of which were dismissed as successive.   Id. at 1-2, citing Lucas v. United States Socialist Republics, No. H-09-0441 (S.D. Tex. 2009); Lucas v. United States Socialist Republics, No. H-08-3167 (S.D. Tex. 2008); Lucas v. Quarterman, No. H-08-2897 (S.D. Tex. 2008); Lucas v. Quarterman, No. H-08-2720 (S.D. Tex. 2008); Lucas v. Quarterman, No. H-08-2436 (S.D. Tex. 2008); Lucas v. Quarterman, No. H-08-0865 (S.D. Tex. 2008); Lucas v. Quarterman, No. H-08-0504 (S.D. Tex. 2008); Lucas v. Quarterman, No. H-07-3262 (S.D. Tex. 2007); Lucas v. Dretke, No. H-05-4397 (S.D. Tex. 2005); Lucas v. Dretke, No. H-05-3156 (S.D. Tex. 2005); Lucas v. Dretke, No. H-05-1206 (S.D. Tex. 2005); Lucas v. Dretke, No. H-05-0701 (S.D. Tex. 2005).   The magistrate judge recommended the imposition of a $250.00 sanction as well as a warning that any future frivolous petitions be answered with harsher sanctions or restrictions.   Id. The district court adopted the magistrate judge's memorandum and recommendation, H-09-0215, Docket Entry No. 11, and entered a Final Judgment fining Lucas $250.   Id., Docket Entry No. 12.   Apparently,

the court's warning did not deter Lucas from filing yet another baseless petition raising a similar claim against the same conviction.

The current petition is clearly barred as successive.  28 U.S.C. § 2244(b).  Moreover, Lucas's challenge to a 1993 state court conviction would be subject to dismissal under the provisions of 28 U.S.C. § 2244(d), which requires that federal habeas petitions concerning state court criminal convictions be brought within one year of the date the conviction becomes final.  Lucas's numerous prior petitions would not toll the limitations period.  Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001).  The frivolous nature of Lucas's argument for relief does not merit ordering the State to file a response.  Instead, Lucas's petition will be immediately dismissed as frivolous.  See McDonald v. Johnson, 139 F.3d 1056 (5th Cir. 1998).  Therefore, for the thirteenth time, Lucas's federal petition for a writ of habeas corpus will be dismissed as successive.

In addition to his persistent and vexatious practice of submitting unfounded habeas challenges, Lucas has a history of filing legally baseless prisoner civil rights actions in both the federal district courts of Texas and the Fifth Circuit.  See Lucas v. Poppell, No. 03-50352 (5th Cir. Sept. 25, 2003).  At least five of his actions have been dismissed as frivolous, and he is barred from filing any new civil rights complaints or appeals without

paying the filing fee in advance.  <u>See</u> 28 U.S.C. § 1915(g); <u>Lucas v. Kimball</u>, No. 2:00cv0321 (N.D. Tex. Aug. 15, 2003), <u>citing</u> <u>Lucas v. Poppell</u>, No. 5:99cv1235 (W.D. Tex. 2003); <u>Lucas v. Poppell</u>, No. 5:02cv167 (W.D. Tex. 2003); <u>Lucas v. Poppell</u>, No. 5:01cv357 (W.D. Tex. 2003).  Noting that lesser sanctions appear to have no effect in curbing Lucas's vexatious filing habits, the United States District Court for the Western District of Texas issued an Order barring him from filing any new pleadings without obtaining prior judicial permission.  <u>Id.</u>

This court has come to the same conclusion as the Western District of Texas and has determined that Lucas has demonstrated that he has no regard for the judicial process or his responsibility to only submit pleadings which have some legal relevance.  While mindful of the limited means available to a State prisoner who lacks professional representation, the court will not tolerate the antics of a litigant who attempts to mock the legal system.  <u>See</u> <u>Day v. Allstate Ins. Co.</u>, 788 F.2d 1110, 1114 (5th Cir. 1986).  Lucas must be prevented from further wasting the resources of this court and other courts as well as law enforcement agencies such as the Texas Attorney General's Office.  <u>Moody v. Baker</u>, 857 F.2d 256, 258 (5th Cir. 1988); <u>Gabel v. Lynaugh</u>, 835 F.2d 124, 125 (5th Cir. 1988) ("We do not sit as means by which the system can be punished — or to be punished ourselves — by the pursuit of frivolous or malicious appeals by disgruntled state

-4-

prisoners.").   Therefore, this action will be dismissed, an additional sanction will be imposed, and the Clerk will be instructed to reject all future filings from Lucas.

Should Lucas file a Notice of Appeal challenging this Memorandum Opinion and Order, the court will deny the issuance of a Certificate of Appealability because Lucas has not "made a substantial showing of the denial of a constitutional right." See Kutzner v. Cockrell, 303 F.3d 333, 338 (5th Cir. 2002), citing 28 U.S.C. § 2253(c)(2).

### Order

The court **ORDERS** the following:

1.   This Petition for a Writ of Habeas Corpus filed by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice** because it is successive, time-barred, and frivolous.  28 U.S.C. § 2244(b); 28 U.S.C. § 2244(d).

2.   A Certificate of Appealability is **DENIED.**

3.   Alan Lucas, TDCJ-CID No. 644056, is **SANCTIONED** in the amount of Five Hundred Dollars ($500.00) due to his continued abuse of judicial resources.   To ensure compliance with this Order, the Inmate Trust Fund Account Office of TDCJ-CID is directed to place a hold on Lucas's account, to withdraw funds from his account until the sanction amount has been collected, and to forward the amount to the Clerk of the Southern District of Texas.

4.   Lucas is **BARRED** from filing any pleadings in this district.

5.   **THE CLERK IS ORDERED NOT TO ACCEPT FOR FILING ANY PLEADINGS OR OPEN ANY MAIL FROM ALAN LUCAS.   ALL MAIL SHALL BE RETURNED TO LUCAS MARKED "FRIVOLOUS FILER, RETURN TO SENDER."**

-5-

6.    The Clerk will provide copies of this Memorandum
      Opinion and Order to the parties; to the TDCJ -
      Office of the General Counsel, P.O. Box 13084,
      Capitol Station, Austin, TX 78711, Fax No. 512-
      936-2159; the Inmate Trust Fund, P.O. Box 629,
      Huntsville, Texas 77342-0629, Fax No. 936-437-4793;
      and to the Clerk of the United States District
      Court for the Eastern District of Texas, Tyler
      Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 12th day of February, 2010.

_____

SIM LAKE
UNITED STATES DISTRICT JUDGE